**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| 3M COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>HARVEY BOULTER,<br>PORTON CAPITAL TECHNOLOGY FUNDS,<br>PORTON CAPITAL, INC.,<br>LANNY DAVIS,<br>LANNY J. DAVIS & ASSOCIATES, PLLC,<br>and DAVIS-BLOCK LLC,<br>    Defendants. | 11-cv-1527-RLW<br><br>Judge Robert L. Wilkins |

**SPECIAL MOTION TO DISMISS BY PORTON CAPITAL
TECHNOLOGY FUNDS AND PORTON CAPITAL, INC. PURSUANT TO
D.C. CODE § 5502(a), WITH INCORPORATED MEMORANDUM OF LAW**

Pursuant to D.C. Code § 5502(a), which is a provision of the District of Columbia Anti-SLAPP Act of 2010 (the "Anti-SLAPP Act"), defendants Porton Capital Technology Funds and Porton Capital, Inc. (together, "Porton"), hereby make this special motion to dismiss counts three (commercial defamation), four (aiding and abetting) and five (civil conspiracy) of the complaint of plaintiff 3M Company.

Porton makes this special motion to dismiss, which is filed within 45 days of service of the complaint as required by D.C. Code § 5502(a), as an alternative to Porton's pending motion pursuant to Fed. R. Civ. P. 12 filed on November 18, 2011, which seeks the dismissal of all claims in the complaint, and the striking of certain of its allegations.  This special motion to dismiss is without waiver of Porton's pending objections to personal jurisdiction in this Court, as set forth in Porton's pending Rule 12 motion to dismiss.

Porton joins in the arguments set forth in the memorandum of law filed on October 6, 2011 by Porton's co-defendants in this action regarding the grounds for dismissal of 3M's claims

under the Anti-SLAPP Act. *See* Docket Entry 9. Porton also joins in the arguments set forth in the separate memoranda of law filed on November 29, 2011 by intervenor the District of Columbia (Docket Entry 32) and by Porton's co-defendants (Docket Entry 33) regarding the applicability of the Anti-SLAPP Act to claims in federal court.

As explained in the previously filed memorandum of law in support of the other defendants' special motion to dismiss, 3M's claims arise from allegations that Porton and the other defendants made statements on a matter of public interest, which qualifies it for anti-SLAPP protection under D.C. Code § 5502(a). The allegedly defamatory statements all related to Porton's attorneys' commencement of an administrative proceeding at the U.S. Food and Drug Administration (the "FDA"); the scope of information that 3M shared with the FDA relating to 3M's testing of the MRSA-detection product known as BacLite; and the possible public health implications of 3M's decision to abandon the development and marketing of BacLite. *See* Cmplt. ¶¶ 60, 62; *see also* Exhibits D and E to memorandum of law in support of Porton's Rule 12 motion to dismiss (press conference transcript and press release in which allegedly defamatory statements are contained).

The allegedly defamatory statements all related to "an issue related to health or safety" and "community well-being" *i.e.*, MRSA infections; and a "public figure," *i.e.*, 3M. This renders them matters of public interest under D.C. Code § 5501(3), which defines "Issue of public interest" to include both of those categories. *See also*, *e.g.*, 157 Cong. Rec. S. 377, 385 (Feb. 1, 2011) ("MRSA is a reason hundreds of thousands of people in this country die.") (statement of Sen. Rockefeller); *id.* at 390 ("one of the biggest problems we have in health care today is something called MRSA. MRSA is in almost every hospital in the country.") (statement of Sen. Rockefeller). The challenged statements are entitled to Anti-SLAPP Act protection because they

were geared toward "commenting on or sharing information about a matter of public significance," and were not "directed primarily toward protecting the speaker's commercial interests." *See id.*; *see also* Exhibit D to memorandum of law in support of Porton's Rule 12 motion to dismiss (statement in press conference that "the fact that this product never made it to market raises very serious questions of public health.  The reason it does is because, as you may know, MRSA is a very widespread, very, very serious problem, and it's an issue of infection control, especially in hospitals, and it's a problem that's actually spreading at great speed.").

In prior filings to this Court, 3M has admitted that it is unable at this point to meet its burden under the Anti-SLAPP Act of "demonstrate[ing] that the claim is likely to succeed on the merits." D.C. Code § 5502(b).  Specifically, 3M has stated:

- "***3M cannot adequately respond to Davis's contention that it is not likely to succeed on the merits of its claims*** without first being given the opportunity to obtain certain limited and specific discovery."[1]

- "***3M needs discovery*** in order to address Davis's erroneous factual assertions, ***and to prove that it is likely to succeed on the merits of its claims***."[2]

- ***3M needs the requested discovery to obtain evidence that establishes, or raises a genuine issue of material fact, that 3M is likely to succeed on the merits of its claims*** . . . ."[3]

This admitted inability to demonstrate a likelihood of success on the merits means that "the motion shall be granted" under the Anti-SLAPP Act.  D.C. Code § 5502(b).

Porton seeks an award of litigation costs, including attorneys' fees, pursuant to D.C. Code § 5504(a), in the event that the Court dismisses claims against Porton pursuant to this special motion to dismiss.

---

[1]  *See* 3M memorandum of law in support of its motion to strike (Docket Entry 16) at 1 (emphasis added).
[2]  *Id.* at 33 (emphasis added).
[3]  *Id.* at 42 (emphasis added).

Dated: December 2, 2011
      New York, New York

Respectfully submitted,

BOIES, SCHILLER & FLEXNER LLP

_____
Christopher E. Duffy (*pro hac vice*)
575 Lexington Avenue
New York, New York 10022
Phone: (212) 446-2300
Fax: (212) 446-2350
CDuffy@BSFLLP.com

Melissa Felder, Bar No. 497459
5301 Wisconsin Avenue, N.W., Suite 800
Washington, D.C. 20015
Phone: (202) 237-2727
Fax: (202) 237-6131
MFelder@BSFLLP.com