UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

------------------------------------------------X
3M COMPANY,                                    :     Civil Action No.
                                               :     1:11-CV-01527-RLW
                                               :
                    Plaintiff,                 :
                                               :
         - v -                                 :
                                               :
HARVEY BOULTER,                                :
PORTON CAPITAL TECHNOLOGY FUNDS,               :
PORTON CAPITAL, INC., LANNY DAVIS,             :
LANNY J. DAVIS & ASSOCIATES, PLLC and          :
DAVIS-BLOCK LLC,                               :
                                               :
                    Defendants.                :
------------------------------------------------X

## DECLARATION OF WILLIAM A. BREWER III

I, William A. Brewer III, declare under penalty of perjury pursuant to 28 U.S.C. § 1746, as follows:

1. I am over the age of eighteen years and have never been convicted of a felony or a crime involving moral turpitude. I am fully competent and qualified in all respects to make this Declaration. The facts set forth herein are true and correct and, unless otherwise qualified, are within my personal knowledge.

2. I am a founding partner of the law firm Bickel & Brewer, located in Dallas, Texas. Bickel & Brewer currently represents the 3M Company ("3M") in the above-captioned matter, and represented 3M at all times relevant to this Declaration. I submit this Declaration in support of the 3M Company's Consolidated Response to the Special Motions to Dismiss Filed By Defendants Lanny Davis, Lanny J. Davis &

Associates PLLC, Davis-Block LLC, Porton Capital Technology Funds, and Porton Capital, Inc. (together, "Defendants").

3. In early June 2011, I and other attorneys for 3M were participating in litigation taking place in London between 3M, on the one hand, and parties including Porton Capital Technology Funds and Porton Capital, Inc. (together, "Porton"), on the other (the "London Litigation"). As part of that litigation, the parties took part in settlement talks. In those talks, Lanny Davis acted on behalf of Defendants. Unfortunately, the discussions were not fruitful because, as Davis informed 3M's attorney in an e-mail dated June 8, 2011, Defendants "would rather litigate for anything less than $33 million total. . . ."

4. Despite the wide gulf separating the parties, Davis told me that he was interested in continuing settlement discussions. I believed that more discussions would not be helpful, and told Davis so. In an e-mail I sent to Davis on June 9, 2011, I told him that 3M would not be responding to Porton's $33 million "offer" and that settlement discussions were terminated because, "[w]e gave it a shot. We're not inclined to respond given the distance between us [the parties]."[1]

5. On Friday, June 17, 2011, Davis called me to suggest that I speak directly with his client, Harvey Boulter, who is the principal of both Porton entities. Davis also sent me an e-mail specifically giving me authorization to speak with Boulter without Davis's participation.[2] The subject line of Davis's e-mail was, "Harvey meet Bill – Bill

---

[1] A true and correct copy of Davis' June 8, 2011, e-mail to me, and my response, are attached hereto as Exhibit A.

[2] A true and correct copy of Davis's e-mail to me and Harvey Boulter, dated June 17, 2011, is attached hereto as Exhibit B.

2

meet Harvey." In that e-mail, after suggesting that Harvey and I should speak directly, Davis stated, "So Bill – this email constitutes my wavier and consent as Porton's attorney to your meeting with my client's CEO without me being present."

6. Davis's e-mail was carefully crafted to preview, and bolster the significance of, the threat that Davis knew Boulter was about to deliver. In particular, Davis declared—ostensibly to Boulter—that "I know your meeting with UK Minister of Defense Dr. Liam Fox has given you even stronger reason not to come down very [sic] in $34m position."

7. Later the same day, Boulter called me by telephone. During the conversation, Boulter described a meeting between him and the U.K. Minister of Defence, Dr. Liam Fox ("Fox") in Dubai earlier that day. Boulter stated that he was authorized to speak on behalf of all of the claimants in the London Litigation, and added that he was also authorized by Fox to speak for the Ministry of Defence (the "MoD"). Boulter told me that, during their meeting, Fox had told Boulter that if 3M did not resolve the London Litigation satisfactorily, there would be repercussions for 3M and for 3M's CEO, George Buckley. The conversation then abruptly ended, apparently because Boulter traveled out of range of cell phone service before I was able to respond.

8. Boulter, however, was not finished. On Saturday, June 18, 2011, he sent me an unsolicited e-mail, which is attached, that amplified the threats he had made the previous day by telephone.[3] Boulter then sent me a follow-up e-mail on Sunday, June 19, 2011, in which he pressed for 3M to immediately capitulate to his demands that very

---

[3] A true and correct copy of Boutler's e-mail to me, dated June 18, 2011, is attached hereto as Exhibit C.

2011, in which he pressed for 3M to immediately capitulate to his monetary demands.[4] In his June 19, 2011, e-mail, Boulter again warned of the "political consequences" that would occur beginning Monday, the next day.

9. 3M responded to these wrongful acts by taking steps to protect itself in the most effective way possible, which was to initiate legal action against the Boulter Defendants.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 15, 2011.

_William A. Brewer III_

5258401.2
2124-06

---

[4] A true and correct copy of Boutler's e-mail, dated June 19, 2011, attached hereto as Exhibit D.