UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **3M COMPANY,**<br><br>                    Plaintiff,<br><br>           v.<br><br>**BOULTER,** et al.<br><br>                    Defendants. | Civil Action No. 11-cv-1527 (RLW) |

**AMENDED MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Special Motion to Dismiss Pursuant to the District of Columbia Anti-SLAPP Act filed by Harvey Boulter (Dkt. No. 87). The parties had previously stipulated that this motion be held in abeyance pending a decision of the interlocutory appeal filed by defendants Lanny J. Davis, Lanny J. Davis & Associates, PLLC, Davis-Block LLC, and intervenor the District of Columbia. (Dkt. No. 89). The Court initially agreed to hold the motion in abeyance (Dkt. No. 90), but upon further review, the Court finds that to properly manage its docket, the motion should be ruled upon and closed rather than left pending for an indefinite period.[1]

As explained in this Court's prior opinion, the District of Columbia Anti-SLAPP statute may not apply in federal court if a federal rule "answers the question in dispute." *3M Co. v. Boulter*, 842 F. Supp. 2d 85, 94 (D.D.C. 2012) (quoting *Shady Grove Orthopedic Assocs. v. Allstate Ins. Co.*, 130 S.Ct. 1431, 1437 (2010) (citation omitted)). After a thorough examination of the history and text of Rules 12(d) and 56 of the Federal Rules of Civil Procedure, the advisory

---

[1] While the Court recently granted Boulter's motion to dismiss for lack of personal jurisdiction, the instant motion is not moot because the plaintiff may yet appeal that dismissal, which could result in a reinstatement of the claims against Boulter. In addition, while the Davis defendants have dismissed their interlocutory appeal, the District of Columbia's appeal is still pending.

committee notes to those rules and the precedent of this Circuit, this Court held

> that the text and structure of Rules 12 and 56 were intended to create a system of federal civil procedure requiring notice pleading by plaintiffs, whereby a federal court may dismiss a case when the plaintiff fails to plead sufficiently detailed and plausible facts to state a valid claim, but a federal court may not dismiss a case without a trial based upon its view of the merits of the case after considering matters outside of the pleadings, except in those instances where summary judgment under Rule 56 is appropriate. These are bedrock principles of the Federal Rules of Civil Procedure.

*3M Co. v. Boulter*, 842 F. Supp. 2d at 106. Put another way, "[a] motion for summary judgment is the only pretrial motion that allows the court to consider evidence outside the pleadings (a 'speaking' motion) in evaluating the merits of the case." William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, RUTTER GROUP PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL, § 14:24 (The Rutter Group 2012). The Supreme Court has made it quite clear that Rule 56 sets the outer boundary for dismissing claims on the merits based upon a pretrial evaluation of the evidence; to go further infringes upon the Seventh Amendment right to a jury trial. *Sartor v. Arkansas Natural Gas Corp.*, 321 U.S. 620, 627-28 (1944) ("the purpose of [Rule 56] is not to cut litigants off from their right of trial by jury if they really have issues to try"; this is so even if "[i]t may well be that the weight of the evidence would be found on a trial to be with defendant"); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) (on summary judgment, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented."); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (noting similarities between summary judgment and a motion for a directed verdict, citing *Anderson v. Liberty Lobby*). Thus, Rule 56 provides the answer to the question in dispute, and applying a local statute that requires dismissal unless the trial court finds that the plaintiff "demonstrates that the claim is likely to

succeed on the merits" (D.C. Code § 16-5502(b)) is irreconcilable with Rule 56 or the precedent from the Supreme Court and this Circuit construing it.

Just as it is clear that the federal rules answer the question in dispute, it is also clear that the District of Columbia Anti-SLAPP law is not a substantive protection that is akin to the defense of immunity, as Boulter claims. In this case, the plaintiff brought common law claims of Intimidation/Blackmail and tortious interference with existing and prospective business advantage, and all of the defendants contended or conceded that both of these claims were governed by the laws of the United Kingdom. *See* Dkt. No. 9 at 36-38; Dkt. No. 31-3 at 27-30; Dkt. No. 50 at 17; Dkt. No. 51-2 at 6-7, 8-9. Nonetheless, the defendants and the District of Columbia Attorney General contend that the local Anti-SLAPP statute applies to these English law claims, even though it is blackletter law that if foreign law applies to define the scope of the tort, then the same foreign law also defines the scope of the defenses to that tort. RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 161 ("The law selected by application of § 145 [the tort conflict of laws rule[2]] determines what defense to the plaintiff's claim may be raised on the merits."); 16 AM. JUR. 2d Conflict of Laws § 129 ("the law selected by application of the section of the Restatement which sets forth the general principles applicable in tort actions determines which defenses may be raised on the merits") (footnotes omitted). The defendants and the Attorney General never explain how the local Anti-SLAPP law is "a means of defining the scope of substantive rights or remedies[,]" *Shady Grove*, 130 S.Ct. at 1450 (Stevens, J., concurring), for the common law Intimidation/Blackmail and tortious interference causes of action, when they concede that English law defines the scope of substantive rights and remedies of those claims. The Court is certainly not aware of any logical explanation for such a result.

---

[2]   Section 145 of the Restatement is followed in the District of Columbia. *See*, *e.g.*, *Doe v. Exxon Mobil Corp.*, 654 F.3d 11, 69 (D.C. Cir. 2011).

Nonetheless, even if the Anti-SLAPP law could be fairly construed as a state law creating a substantive immunity to be decided by the trial judge, it is well settled that "the right to a jury trial in the federal courts is to be determined as a matter of federal law in diversity [cases]," even if "the substantive dimension of the claim asserted finds its source in state law," because the "federal policy favoring jury trials is of [such] historic and continuing strength." *Simler v. Conner*, 372 U.S. 221, 222 (1963) (per curiam) (holding that state statute defining issue as an equitable one to be decided by the judge was inapplicable in a federal diversity action due to the federal right to a jury trial).  Accordingly, the Supreme Court has held that a state statute mandating that a state-created immunity be decided by the judge, rather than the jury, was inapplicable in a federal diversity action.  *Byrd v. Blue Ridge Rural Elec. Co-op., Inc.*, 356 U.S. 525 (1958).  *See generally*, 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2303, 103-13 (3d ed.2008).  Rule 56 simply trumps any state Anti-SLAPP law that requires a trial judge to resolve disputed factual issues and decide a case on the merits prior to trial, because "[a]n essential characteristic of [the federal] system is the manner in which, in civil common-law actions, it distributes trial functions between judge and jury and, under the influence—if not the command—of the Seventh Amendment, assigns the decisions of disputed questions of fact to the jury."  *Byrd*, 356 U.S. at 537.

**IT IS THEREFORE ORDERED** that the Special Motion to Dismiss Pursuant to the District of Columbia Anti-SLAPP Act filed by Harvey Boulter (Dkt. No. 87) is **DENIED**. **SO ORDERED**.

Date: October 24, 2012

ROBERT L. WILKINS
United States District Judge